Jenny J. Rim (SBN 231584)
Jenny.J.Rim@newegg.com
NEWEGG INC.
17560 Rowland Street
City of Industry, CA 91748
Telephone: 626-271-9700
Facsimile: 626-271-9480

Kent E. Baldauf Jr. (*Pro Hac Vice To Be Filed*)
kbaldaufjr@webblaw.com
Bryan P. Clark (*Pro Hac Vice To Be Filed*)
bclark@webblaw.com
THE WEBB LAW FIRM P.C.
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone:  412-471-8815
Facsimile:  412-471-4094

Attorneys for Plaintiff ROSEWILL INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEWILL INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MINERO DIGITAL, LLC, a Texas Limited Liability Company,<br><br>    Defendant. | Case Number: _____<br><br>**ROSEWILL INC.'S COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rosewill Inc. ("Rosewill"), for its Complaint for Declaratory Judgment against Defendant Minero Digital, LLC ("Minero Digital"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  Rosewill seeks a declaration of non-infringement of United

1

1 States Patent Nos. 5,675,811 (the "'811 Patent").

2 2. Rosewill is a Delaware company with its principal place of business at

3 18501 E. Gale Street, City Of Industry, CA 91748.

4 3. Upon information and belief, Minero Digital is a Texas limited

5 liability company with a principal place of business at 1333 W. McDermott Drive,

6 Suite 241, Allen, Texas 75013. Upon information and belief, Minero Digital's

7 president is Daniel F. Perez.

8 4. On information and belief, the '811 Patent is currently owned by

9 Minero Digital.

10 **JURISDICTION AND VENUE**

11 5. This action arises under the Patent Laws of the United States of

12 America, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§

13 2201 and 2202. This Court has subject matter jurisdiction over the action under 28

14 U.S.C. § 1331 and § 1338, based on the existence of an actual controversy between

15 Rosewill, on the one hand, and Minero Digital, on the other hand, for claims under

16 the Patent Laws. In particular, there is an active case or controversy about whether

17 or not Rosewill has infringed any claims of the '811 Patent. In addition, there is an

18 active case or controversy about whether or not retailers Amazon.com, Inc.

19 ("Amazon"), Office Depot, Inc. ("Office Depot"), and Wal-mart Stores, Inc.

20 ("Walmart"), through their manufacture, use, offer for sale, sale, and/or importation

21 of products supplied by Rosewill, have infringed any claims of the '811 Patent.

22 6. The existence of this controversy is demonstrated by, for example, the

23 December 14, 2015 Second Amended Complaint for Patent Infringement (attached

24 hereto as Exhibit A) which Minero Digital filed in the Eastern District of Texas

25 ("Minero Digital Litigation") accusing various entities, including Rosewill, of

26 infringing the '811 Patent through the manufacture, use, importation, sale, and/or

27 offer for sale of multi-port USB hub devices.

28 //

2

//

7.     In the Second Amended Complaint, ¶ 44, p. 9, Minero Digital alleged that:

> Rosewill has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Rosewill's RHB-520; RHB-410; RHB-620; RHB-500; RHB-320; RHB-220; RHUB-300; RHUB-210; RHB-342; RHB-341; RHB-630; and RHB-411 devices (the "accused Rosewill devices")) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Rosewill is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

8.     In the Second Amended Complaint, ¶ 52, p. 11, Minero Digital further alleged that:

> Upon information and belief, Defendant Amazon has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: . . . one or more of the accused Rosewill devices . . . ) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Amazon is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

9.     In the Second Amended Complaint, ¶ 55, p. 12, Minero Digital further alleged that:

> Upon information and belief, Defendant [Office Depot] has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: . . . one or more of the accused Rosewill devices; . . . ) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent.  Defendant [Office Depot] is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

3

10.     In the Second Amended Complaint, ¶ 57,  p. 13, Minero Digital further alleged that:

> Upon information and belief, Defendant Walmart has made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: . . . one or more of the accused Rosewill devices; . . . ) that, when used in their intended manner or as designed, infringe one or more claims of the '811 Patent. Defendant Walmart is thus liable for, at least, direct infringement of the '811 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

11.     On January 21, 2016, Minero Digital filed a motion to dismiss Rosewill from the Minero Digital Litigation without prejudice.  On January 25, 2016, this motion was granted.  By virtue of the dismissal being without prejudice, Minero Digital retained the right to bring the exact same claim against Rosewill at a later date.

12.     Minero Digital did not dismiss, and has not dismissed, Amazon, Office Depot, or Walmart from the Minero Digital Litigation.

13.     Office Depot has requested indemnification from Rosewill with respect to the allegations made against it in the Minero Digital Litigation that stem from the sale by Office Depot of "one or more of the accused Rosewill devices." (Exhibit A, Second Amended Complaint, ¶55, p. 12).

14.     This Court has personal jurisdiction over Minero Digital pursuant to the laws of the State of California, including California's long-arm statute, and California Code of Civil Procedure § 410.10.

15.     The Court has personal jurisdiction over Minero Digital because Minero Digital has purposely conducted its patent enforcement activities in this District and towards residents of this District.  In particular, as evidenced by the Second Amended Complaint, Minero Digital's enforcement efforts have included

filing a patent infringement lawsuit against the following entities having their principal place of business in this District:  Aten Tech. Inc.; Belkin International, Inc.; Eforcity Corp.; Inland Products, Inc.; Rosewill; Sabrent; Targus Store, USA; and Aluratek, Inc.  By purposely targeting residents of this District with its patent enforcement activities, Minero Digital has an expectation to derive substantial income from its activities in this District.  In addition, on information and belief, Minero Digital has had substantive negotiations with companies located in this district regarding the patent-in-suit.

16.    Minero Digital's claims for patent infringement made against Rosewill and other entities whose principal residence is in this District are baseless and are purposely intended to harass and inflict harm on these entities.  Minero Digital's actions have caused, and will cause, harm in this District by requiring residents of this District to needlessly spend resources to defend against or settle Minero Digital's meritless claims.  Exercising personal jurisdiction over Minero Digital is fair and reasonable because this District has an interest in adjudicating this dispute, and doing so will further the fundamental substantive social policy of deterring future harassment of residents of this District through the filing of baseless patent infringement actions outside of this District.

17.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Rosewill resides in this District and a substantial portion of the events giving rise to this action, including the sale of the Rosewill multi-port USB hub products and the service of the Second Amended Complaint against Rosewill, took place here.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '811 Patent)

18.    Paragraphs 1 through 17 are incorporated herein as set forth above.

19.    Upon information and belief, Minero Digital is the current owner of the '811 Patent.

20.   As set forth above, an actual and justiciable controversy exists between Rosewill and Minero Digital regarding infringement of the '811 Patent by Rosewill and retailers selling Rosewill multi-port USB hub devices.

21.   All of the claims of the '811 Patent are method claims.

22.   The '811 Patent expired on August 18, 2015.

23.   Rosewill has not infringed the '811 Patent through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, either literally or under the doctrine of equivalents.  For example, Rosewill did not perform the steps of "configuring each peripheral device on said serial bus to receive data and clock signals from said base station in an idle mode of operation" and "maintaining said idle mode configuration for all peripheral devices on said serial bus between said base station and an addressed peripheral device upon a command send being transmitted over said serial bus by said base station," as required by claim 1, in the United States during the enforceable term of the '811 Patent.  By way of further example, Rosewill did not perform the steps of "configuring each peripheral device on said serial bus between said base station and a last peripheral device on said serial bus in a mid-idle mode of operation wherein in said mid-idle mode of operation, a peripheral device receives data and clock signals from said base station and passes said data and clock signals to another peripheral device on said serial bus" and "configuring said last peripheral device in a last-idle mode of operation wherein in said last-idle mode, said last peripheral device receives data and clock signals from said base station and blocks transmission of said data and clock signals from further transmission over said serial bus," as required by claim 11, in the United States during the enforceable term of the '811 Patent.

24.   Amazon has not infringed the '811 Patent through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, either literally or under the doctrine of equivalents.  For example, through the

manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, Amazon did not perform the steps of "configuring each peripheral device on said serial bus to receive data and clock signals from said base station in an idle mode of operation" and "maintaining said idle mode configuration for all peripheral devices on said serial bus between said base station and an addressed peripheral device upon a command send being transmitted over said serial bus by said base station," as required by claim 1, in the United States during the enforceable term of the '811 Patent.  By way of further example, through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, Amazon did not perform the steps of "configuring each peripheral device on said serial bus between said base station and a last peripheral device on said serial bus in a mid-idle mode of operation wherein in said mid-idle mode of operation, a peripheral device receives data and clock signals from said base station and passes said data and clock signals to another peripheral device on said serial bus" and "configuring said last peripheral device in a last-idle mode of operation wherein in said last-idle mode, said last peripheral device receives data and clock signals from said base station and blocks transmission of said data and clock signals from further transmission over said serial bus," as required by claim 11, in the United States during the enforceable term of the '811 Patent.

25.   Office Depot has not infringed the '811 Patent through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, either literally or under the doctrine of equivalents.  For example, through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, Office Depot did not perform the steps of "configuring each peripheral device on said serial bus to receive data and clock signals from said base station in an idle mode of operation" and "maintaining said idle mode configuration for all peripheral devices on said serial bus between said base station and an addressed peripheral device upon a command send being

transmitted over said serial bus by said base station," as required by claim 1, in the United States during the enforceable term of the '811 Patent.  By way of further example, through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, Office Depot did not perform the steps of "configuring each peripheral device on said serial bus between said base station and a last peripheral device on said serial bus in a mid-idle mode of operation wherein in said mid-idle mode of operation, a peripheral device receives data and clock signals from said base station and passes said data and clock signals to another peripheral device on said serial bus" and "configuring said last peripheral device in a last-idle mode of operation wherein in said last-idle mode, said last peripheral device receives data and clock signals from said base station and blocks transmission of said data and clock signals from further transmission over said serial bus," as required by claim 11, in the United States during the enforceable term of the '811 Patent.

26.   Walmart has not infringed the '811 Patent through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, either literally or under the doctrine of equivalents.  For example, through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, Walmart did not perform the steps of "configuring each peripheral device on said serial bus to receive data and clock signals from said base station in an idle mode of operation" and "maintaining said idle mode configuration for all peripheral devices on said serial bus between said base station and an addressed peripheral device upon a command send being transmitted over said serial bus by said base station," as required by claim 1, in the United States during the enforceable term of the '811 Patent.  By way of further example, through the manufacture, use, offer for sale, sale, and/or importation of Rosewill multi-port USB hub devices, Walmart did not perform the steps of "configuring each peripheral device on said serial bus between said base station and a last peripheral

device on said serial bus in a mid-idle mode of operation wherein in said mid-idle mode of operation, a peripheral device receives data and clock signals from said base station and passes said data and clock signals to another peripheral device on said serial bus" and "configuring said last peripheral device in a last-idle mode of operation wherein in said last-idle mode, said last peripheral device receives data and clock signals from said base station and blocks transmission of said data and clock signals from further transmission over said serial bus," as required by claim 11, in the United States during the enforceable term of the '811 Patent.

27.    Upon information and belief, none of Rosewill, Amazon, Office Depot, and Walmart had actual knowledge of the '811 Patent prior to its expiration.

28.    Neither Rosewill, Amazon, Office Depot, nor Walmart induced the infringement of the '811 Patent 35 U.S.C. § 271(b) for at least the reason that there has been no direct infringement of the '811 Patent.  Neither Rosewill, Amazon, Office Depot, nor Walmart induced the infringement of the '811 Patent for at least the additional reason that none of these entities had knowledge of the '811 Patent or the specific intent to cause infringement of the '811 Patent prior to the expiration thereof.

29.    Neither Rosewill, Amazon, Office Depot, nor Walmart contributed to the infringement of the '811 Patent under 35 U.S.C. § 271(c) for at least the reason that there has been no direct infringement of the '811 Patent.  Neither Rosewill, Amazon, Office Depot, nor Walmart contributed to the infringement of the '811 Patent for at least the additional reason that none of these entities had knowledge of the '811 Patent prior to the expiration thereof.

30.    Rosewill is entitled to judgment declaring that neither it, nor Amazon, Office Deport, or Walmart, through the manufacture, use, offer for sale, sale, and/or importation of the Rosewill multi-port USB hub products, infringed any claim of the '811 Patent during the enforceable term thereof.

//

1

## RELIEF REQUESTED

2    WHEREFORE, Rosewill respectfully requests that this Court enter the
3    following relief pursuant to 28 U.S.C. §§ 2201 and 2202:

4        1.    That a declaration be issued under 28 U.S.C. § 2201 that Rosewill,
5    Amazon, Office Depot, and Walmart, through the manufacture, use, offer for sale,
6    sale, and/or importation of Rosewill's multi-port USB hub devices, have not and
7    will not infringe any claim of the '811 Patent;

8        2.    That an injunction be issued enjoining Minero Digital and their agents,
9    representatives, attorneys, employees, and those persons in active concert or
10   participation with them who receive actual notice of the injunction from threatening
11   or initiating infringement litigation against Rosewill or its customers, dealers, or
12   suppliers, or any prospective or present sellers, dealers, distributors or customers of
13   Rosewill, or charging them either orally or in writing with infringement of the '811
14   Patent;

15       3.    That this case be adjudged an exceptional case under 35 U.S.C. § 285;

16       4.    That Rosewill be awarded its attorneys' fees and costs;

17       5.    That the Court award all other and further relief as it deems just and
18   proper.

19

## JURY TRIAL DEMAND

20    Pursuant to Federal Rule of Civil Procedure 38(b), Rosewill hereby requests
21   a trial by jury of all issues so triable.

22

23   Dated:  January 26, 2016                 Respectfully Submitted,

24

25                                  By: ___/s/ **Jenny J. Rim**_____
26                                       Jenny J. Rim (SBN: 231584)

27                                       Attorney for Plaintiff
                                         ROSEWILL INC.
28